We will hear an argument in the United States v. Charles. May it please the Court, Anne Hester representing Roger Dale Charles, II. No one disputes that Charles' 360-month act of sentence violates due process under Johnson v. United States. But the District Court invoked the concurrent sentence doctrine and refused to correct the unconstitutional sentence. In doing that, the Court made two legal errors that require reversal. First, the Court erroneously shifted the burden of persuasion from the government to Charles. There's no question that the District Court required Charles to show how he would be harmed by leaving his unconstitutional sentence in place. The Court stated reasons... And it wasn't really... I appreciate what you're saying. It didn't seem to me, though, that there was a shifting of the burden of proof so much as there's the need to explain it. And it is in Charles' best interest to explain it. I'm not sure that's... I wouldn't necessarily characterize that as shifting the burden of proof. Someone has to articulate the reason for the action to be taken, that's all. Well, I think that it's in the government. It's the government's burden to articulate why there is no... there is... why there is no harm in leaving the unconstitutional sentence in place. But instead, the Court required Charles to show why it would be. I mean, what the Court said was Charles had identified a possible adverse consequence, but he hadn't articulated what circumstances might cause a court to impose a supervised release revocation sentence above 84 months. So the Court went above and beyond. Charles did give a scenario in which he would be harmed, and that would be a situation where he would get a supervised release sentence from 84 to 120 months. But the Court went even beyond that and said that Charles would have to give a factual scenario in which that kind of sentence would be imposed. And that really is contrary to putting the burden on the government to show that there would be no adverse consequences if the sentence were allowed to stand. Are you challenging count one of the drug distribution count on its own merits? Well, he has a potential claim under the new First Step Act, which is... I understand that, but that wasn't raised at trial, or it's not before us on this appeal. Well, I think it is properly before the Court now, because the First Step Act wasn't passed at the time of the initial consideration. And I think there are other reasons as well to vacate it. Well, it wasn't briefed, other than in the supplemental authority letters. Well, if the Court would like supplemental briefing, I'd be happy to submit that. But I do think that it's a proper consideration for the Court because it wasn't available at the time. Well, fine, but if it was going to be a... If count one is going to be challenged on the merits, isn't the place to challenge count one? The district court, I mean, the district court is the primary sentencer. So I think we have to accept for purposes of this appeal that count one is valid and unchallenged, and that would not preclude you from bringing a challenge under the First Step Act. Well, it wouldn't. Before the district court, but why should we charge into the First Step Act here when the district court bears primary responsibility for the sentencing? Well, I don't think the Court should charge into the merits of the First Step Act. I don't think the Court has to decide that. Ben v. Maryland and this Court's decision in Hill suggests that uncertainty about the eventual length of the other sentence is a sufficient reason not to apply the concurrent sentence rule. So I'm not asking the Court to consider that on the merits, but I am asking the Court to look at that as another reason why there is a potential... Well, this uncertainty doctrine is sort of the antithesis of finality, which is another consideration in sentencing. I mean, given the way we've unraveled finality, there's always uncertainty about what collateral attacks are going to bring. I don't think that finality is a consideration when the Court is looking at the concurrent sentence doctrine, though, because that is purely a doctrine of judicial convenience. In a case like this, you can see that it's actually not convenient here because we're having to talk about all of these issues. So I don't think that finality is a proper concern for the Court under the concurrent sentence. Let me ask you... No, please. I was just going to say, we have from time to time adjusted sentences on appeal when there's really not much wiggle room. If the government were to agree with you that two of the predicate offenses were flawed under Johnson, why couldn't we just simply reduce the sentence from 30 years to 10 years on the gun count? Because that is the guideline range if you don't have an ACCA enhancement. I think that that is a proper result if the government concedes that the ACCA sentence is about... The man has to serve his 30 years, and the hypothetical that you give is so remote as to the effect, and if we were not to get into that thicket and gave him a 10-year sentence on the gun count, that would run concurrently and we'd satisfy all your arguments. I think that's absolutely correct. I think another thing is that if the government concedes that the ACCA sentence is invalid, I think that puts it clearly under the ambit of the Hill case where the Court says this isn't even a proper application of the concurrent sentence doctrine because we have to have a valid and an unreviewed sentence. In that case, you would have a valid sentence and a sentence that the government would concede is invalid. I think that's another way to resolve it, again, without getting into the thicket of all of this discussion that the Court is looking for a true measure of judicial convenience. Our case law, I find to be remarkably unhelpful in determining the degree of certainty or lack thereof that one has to show to satisfy utilizing the concurrent sentence doctrine. I think one of the questions is that you are dealing with the inherent ambiguity of future unknowns. That's part of the reason that I was quibbling with you a little bit about the burden of proof language. It's just a question of attempting to articulate as best one can possible unknowable outcomes. Correct. I think that's one of the reasons why the burden of proof is so important because if you're talking about speculation and the burden of proof is on the government, as it is, then any speculation has to be resolved against the government, not against the defendant, unless the government can show that there's no possibility that the adverse consequences are ever going to take effect. Really, the government can't show that here. You don't contest, though, that Charles had previously been convicted of a serious drug offense at the time of the count one conviction. At the time of the count one conviction. But that's what he was convicted of previously as far as the ACCA enhancement? Yeah. I don't think that we challenge the drug offense. It's not really even clear that the Fair Sentencing Act makes a difference. Is this unclear? Well, it's not. It is clear under the Fair Sentencing Act that his drug offense is a covered offense. That is clear under the Fair Sentencing Act. Because it affected the if the Fair Sentencing Act were applied, he would have been in a different sentencing range. So that is clear, actually. And there are, you know, that litigation is ongoing. Oh, you're talking about the Fair Sentencing Act. I'm sorry. His sentence is a covered offense under the First Step Act. If the Fair Sentencing Act were applied, he would be in a different sentencing category under the First Step Act. And that makes his drug sentence a covered offense. But in view of the fact that the First Step Act has been enacted and the district court didn't have that legislation before it when it's sentenced, why wouldn't the logical thing to do just be remand the whole sentencing proceeding to the district court and have it make some kind of ruling as to whether it thought the First Step Act would apply or whether it wouldn't apply. And then that would, it seems to me, would add a whole I mean, right now we're in a very speculative situation if this happened, if that happened. But if we sent it back, have the district court look at whether the First Step Act applied, and then proceed to take on the ACCA count, at that point, we would do so in a non-speculative way if it were necessary to do it. And I just, I'm just a little bit skeptical of trying to fix it all up here when a big piece of the puzzle, which is the applicability of the First Step Act. And I don't know whether it applies or whether it doesn't or whether it should or whether it shouldn't. But it seems to me that the orderly progression here is to give the district court the first crack at it. But then that leaves unresolved the questions that we brought up here, which is the burden of proof and the question of whether his... But that assumes that that is, I'm still incursuited that that's, that it is a burden of proof question. So you sort of have to take my skepticism into concern, into consideration as you articulate what we have to, what we have to address. Especially if there's at least a possibility that you could eliminate, as Judge Wilkinson's question points out, some of the ambiguity that we're wrestling. That's true, but then you still have to wrestle with the question of the court's application of the wrong substantive standard. Because the court, because the correct standard is what was articulated in Hill and Webster, the government has to show with reasonable certainty that the defendant will suffer no harm. And that's not the standard that the district court applied. It sounded awfully like it to me. The district court found that it was theoretically possible but highly unlikely. It may not have utilized the precise terminology that you did as you articulated, but it came awfully close to say, yeah, there is a theoretical possibility that the sun might rise in the west tomorrow, but it seems highly unlikely to me given the sum total of what we know. So I'm not sure that the district court didn't give its best shot at addressing the somewhat confused standards that our precedent presents. I respectfully disagree with that. With what part of it? It was a messy question. I think there's a difference between, well, again, the burden of proof is a critical issue, and I'm not sure whether the court disagrees with me that the court actually shifted it, or does the court disagree with me that the burden of proof is on the government? Because I think that Hill and Webster make clear that the burden of proof is on the government. Does the district court have to yield to the concurrent sentence doctrine if it finds that it applies? Does it have any discretion in that regard? No, I don't think that the court does have to yield to it. I think once the court gets over the hurdle of deciding that the government's shown with no reasonable certainty that the defendant will suffer no harm, if the government satisfies that burden, then I think the court does have discretion at that point to apply it or not apply it. But I do think that the government has to get over that hurdle, and here the government... To show that there is no possibility or that there is no reasonable likelihood. What exactly is it? No reasonable certainty. The burden is on the government to show that. So, for example, here they could have brought in statistics of supervised release sentences to say nobody ever gets a sentence as high, but they didn't do that. And if it's 3%? You see, the problem is I still don't understand. I find this doctrine very amorphous. And what exactly... There has to be some element of likelihood or probability in there, it seems to me, to invoke it that is within the purview of the district court to I would like to make one final point about why a supervised release sentence over 84 months is not all that far-fetched for someone like Charles, because he has a Class A felony conviction and a criminal history of 6. A Grade A violation, which includes simple possession of cocaine under North Carolina law, already puts him in a 51 to 63 month sentencing range. How old will he be when he's released? I believe 60 years old. And another possibility is a serious new law violation that prosecutors don't think they can prove beyond a reasonable doubt. I'm sorry. So we're talking about not giving the benefit of the doubt. We have to assume that when he's 60 years old, he's going to immediately, fairly quickly, fairly short order commit this serious offense? Is that... I don't think the court has to assume that. But it has to happen. But it has to be... It's a possibility and it's up to the government to show that it's not reasonably certain. That's part of what the concurrent sentencing doctrine is designed to protect against. It's related to doctrines of rightness and it's related to not wanting courts to issue advisory and unnecessary opinions. And the point is when something is at a stage of speculation about what may or may not happen in the future, we're asked to render a decision which could have no practical effect whatsoever and where the situation is in a very premature and unripe stage. And that's what a concurrent sentencing doctrine is all about. The missing piece of the puzzle to me, again, is the First Step Act. And I think you've made an argument about submitting this decision from the district court in Washington that maybe it applies, maybe it doesn't, but I don't understand. It seems to me it would make it less fuzzy if we gave the district court a chance to just decide whether it does or whether it doesn't apply. Then the whole issue over the ACC count would have some practical as opposed to purely speculative difference. Can I just respond to that? Why don't you? Do you want to do that in rebuttal or do you want to do it now? I just wanted to point out that if this is a rule of judicial convenience and the government has never challenged that the act of sentence is invalid, does that make sense to do that? Good morning, Your Honor. May it please the Court. Anthony Enright for the United States. The district court properly applied the concurrent sentence doctrine. All the prerequisites under this court's precedent were met. Defendant received concurrent sentences on plural counsel and indictment. The prison sentences overlap. The supervised release sentences overlap. And the district court found the sentence on count one to be good. That wasn't challenged on appeal. This court didn't issue a certificate of concurrent sentence doctrine not to review it. The court does have that discretion when the record makes clear that there's no substantial possibility that the unreviewed sentence will expose them to a substantial risk of adverse collateral consequences. Is that the standard in your reading from Webster? I'm reading from this court's decision in Trondino. And I think that is the standard because that's the last decision I'm aware of in this court where the court upheld the application. It's not quite consistent with Ball, which is a Supreme Court case. And the Supreme Court basically says a potential adverse collateral consequence if it has any potential. It's a pretty tough standard. Let me ask you this. Is it possible that under the First Step Act that Charles could get relief from the 30-year sentence on the drug count? I don't think it is, Your Honor. Because the First Step Act, I think the First Step Act did change the statutory range because it increased or it decreased. If he was under the act, would it bring it below 30 years? No. He would still have 30 years under the drug count? Oh, I'm sorry. I thought you said three years. 360 months. It wouldn't. It wouldn't affect his guideline range. It wouldn't affect his top statutory range. There would be nothing in the First Step Act that would change the sentence. He could not get any relief from 360 months under the first count? No, Your Honor. The only argument, and I understand the only argument to be that the argument is the contrary from defense, contrary to be that the First Step Act authorizes a plenary resentencing at which the court would be allowed to apply the 2018 version of the guidelines. Provisions that have nothing to do with the crack offenses. But the revised changes to the career offender guideline that basically they removed the residual clause that was in place in 2004 and was not in place in the 2018 guidelines. But the First Step Act plainly does not do that because it uses the same language that the Supreme Court held in Dillon does not authorize a plenary resentencing. Let me ask you this. I ask this question of Ms. Hester. If I have a couple of those predicate offenses, and I know you haven't briefed this and nobody's briefed it, but one's an escape offense and the other's a battery of an officer offense. If those two don't qualify under Johnson, then it seems to me the simple thing to do is just reduce his gun offense to 10 years, which case we're right. Everything's taken care of and that ends it. He'll get his 30 years. He's still got his 10 years supervised release. This ball standard troubles me. I'm worried about what standard applies. Ms. Hester raised the standard. Setting aside the burden of proof, I think the subject burden of standard is a difficult issue in this case. I don't know what the status of those predicate offenses is, but if you have looked at it close enough and you say there is a problem with a couple of them, that would be the easy thing to do. Your Honor, I will absolutely confess that the answer to that question doesn't have whether the active sentence survives or not as a practical matter doesn't make any difference. The answer to the question is yes. I have a similar sort of practical concern as that articulated by Judge Niemeyer because this rule of convenience seems to me remarkably inconvenient. It raises all manner of hypotheticals with varying levels of probability. That is one way to satisfy what seems to me a reasonable concern on the part of the defendant, but also the concern on the part of the government about preserving the sentence that is a reasonable concern. I understand that we have a few issues raised by Judge Niemeyer's question. If the question is what is our position on whether the Johnson rule was violated, I think it is probably more likely than not that the district court did increase his sentence under the residual clause. I don't believe that is the end of the case. I don't know what the Florida battery is, but there are a bunch of cases that have held battery won't pass the force test clause. The other one is escape. Escape is very broad. I haven't looked at the statute. My only question is we would have to go through two hoops. One, we would have to get into what standard applies, whether throng or ball. I think there is a tension between the two. Webster and our other two cases seem to follow ball more closely than throng. We would have to resolve that for the district court because the district court didn't resolve that question. I think the throng case, or whatever the name of that case is, is an easy gate to go through. It is just substantial possibility. Every time, honestly, I have seen the standard articulated, I think the formulation has been a little bit different. The most recent statement from this court is in Whitmore. It said the doctrine is reasonably certain from the record that adverse collateral consequences will not flow. I don't think every standard I have Well, what's it mean? This is the language of ball. That probably is the number one thing. The separate conviction apart from the concurrent sentence has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions may delay the defendant's eligibility for a future offense. That's a pretty broad standard and maybe the scenario raised that he could get a heavier revocation sentence under the ACCA sentence under the gun, heavier than he would if he had a straight 10 years violation. I don't know if it meets a substantial test. She has to go through a lot of hoops to get where she's talking about. But I called a thicket earlier and we will decide the thicket if we have to decide the thicket. I was looking for a practical way because this case involves judicial efficiency and practicality. He's got that 30 year sentence that looks like it's not challengeable at this point and he's got the gun offense which is also 30 years now. You would say, well, he's going to serve 30 under one sentence or the other, but it seems to me we get rid of all this, whether it's potential or substantial or reasonable certainty or whatever the standard is. We get rid of all that inquiry if you did believe that the ACCA sentence, in other words, if we told the district court to evaluate the ACCA predicates and readjust, what's the difference? It goes from 30 years to 10 years on the second sentence. With that last point, your honor, I have no quarrel whatsoever. It doesn't make a difference. The reason we're taking the position we are is because the district court, I mean, the concurrent sentence doctrine does have support in this court's precedent and the district court did have discretion to apply it, I believe. I agree that perhaps that's a more difficult question. I think it does under the case you cited. I would think you have a very strong argument under that Thrum case, that standard. What troubles me is we have two other cases that have a stricter standard and Ball, which I'm not sure how you'd characterize it, but I think you'd have to start with Ball, don't you? I think that's fair, your honor. The examples given in Ball, though, the ones you just described, are about convictions. You know, we've been talking about all the problems with the concurrent sentencing doctrine and everything. There must be some reason for the serve certain values and one of the things I suggested was that it relieved the district court from getting into questions that made no practical difference and it prevents people from issuing, it prevents courts from issuing essentially advisory opinions and it prevents us from getting into questions that are simply not right and it's highly speculative. Yes, and that are highly speculative. So my point is, no, I don't want to use this as some kind of vehicle to cut the concurrent sentencing doctrine because Lord knows the district courts deserve some relief from this from deciding unnecessary questions with no practical impact other than a highly speculative impact which hasn't come about and to say that, no, you've got to do this too, you've got to decide this question too, it seems to me that this is part of a cumulative load that we're putting on district courts without consideration of the day-to-day practicalities and realities of what they face and in one small way the concurrent sentencing doctrine helps to ameliorate or lessen their burden. I agree, Your Honor. I think, I appreciate that question too because it takes me back to I think another point Judge Niemeyer made which is what's, in this case, frankly at the end of the day it's not that hard. I do think the question in a Johnson case, a Johnson case that's 10 years old, was 10 or 11 years old at the time, the one year period for 2255 has expired. The question is, did the district court violate the rule in Johnson because that's the only issue that can be raised 10 years later? To figure that out, you have to figure out whether the court actually increased the sentence under the residual clause. That's what the rule in Johnson is and then there's a harmless error question. Would he have been sentenced the same way if the, under another clause that's still intact? In this case, frankly, that's not that hard. I do think the court probably increased the sentence under the residual clause. I don't think these likely qualify under the other components. But, in a lot of cases, that question is really hard. The Armed Career Criminal Act has been a challenge and there are myriad decisions out there from this court and from district judges saying that and that the difficulty... That's exactly my point is that this may seem to yield to a simple fix. But, in a great many cases, it's going to be very hard to unravel and if we start to gut the concurrent sentencing problem, we're throwing on the district court not just a case which may seem simple and straightforward, but as you put it, a lot of cases which are going to take a great deal of time and effort and I would take judicial notice if there's a level of frustration in the relationship between the Court of Appeals and the district court in terms of what we're adding to their burdens. And I'm just not inclined to take the concurrent sentencing doctrine as a vehicle to add to it further. I agree, Your Honor, and that's the service that the court has the discretion to apply the concurrent sentence doctrine. The scenario posited by the defense here, I think, is so extraordinarily remote. If he commits an extraordinarily serious offense under a supervised release violation, the district court doesn't just have the authority to go up to the maximum guideline authorized for the most serious offense. The district court still has discretion to go almost two years above that and impose an upward variance. Would it prejudice the government to agree not to seek a consecutive active prison sentence in that scenario? I don't know that a mechanism exists for me to do anything other than say we probably won't do that. Right. That was sort of my point. But I do have a question going back to the last point you were making that I also want to ask Ms. Hester, and that is does it matter that there is a distinction between convictions which were at issue in Ball and sentences that are at issue here? Do you have any authority for the proposition that that distinction should inform our analysis? Yes, Your Honor. A specific authority is federal practice and procedure. Can you be a little bit more specific? Well, I actually don't know the chapter and verse, but there's actually a discussion in the treatise that says, look, the doctrine has, to the extent it applies to convictions, it applies with greater force sentences because sentences are less likely to carry collateral consequences. To the extent that what applies, it applies with greater force. The concurrent sentence doctrine? Right. The concurrent sentence doctrine is more likely to be appropriate for passing on review of a sentence like here. And particularly here where you're talking about it's an armed career criminal sentence, but what's left intact is a career offender sentence. In both cases, he's been judged to require an enhanced sentence because of a prior criminal history involving violent crimes and or drug offenses. The likelihood of any stigma or any collateral consequence attaching specifically to the armed career criminal sentence is extraordinarily low. And to respond to your concern... So you're saying that Ball is not the red flag that it might appear? The language in Ball is not quite the red flag it might appear when we're talking about a sentence? Correct, Your Honor. I am not aware of any circumstance where another sentence, the mandatory minimum for a future sentence is increased because a defendant has received an armed career criminal sentence as opposed to a conviction. And on top of it, his offense would have to be very serious. And then he's going to face the sentence for that new offense anyway. And it's going to be after he's age 60. It has to be in the first three years, I guess. And so he has to commit a severe, he commits a second degree murder offense or something like that. He's going to get a sentence for that. Well, but Your Honor, the sentence for second degree murder would likely be punished by state court. That's what I'm saying. Yes, a supervised release violation is a punishment of the violation of trust, not the seriousness of the underlying offense. Except the seriousness takes it up to Class A and the court would then have to decide to stack the two five year sentences to get to the hypothetical. Correct. And the court can stack them even with the armed career criminal act. He can only stack them up to seven years. Correct. And they're worried about the last three years of the stacking. Yes, Your Honor. And the court would have to ignore the fact that it wrote in its opinion that that's not a realistic possibility. A lot of conditions to get there. It is, Your Honor. And I do want to offer another point. This court has held when we have the burden of proof and when the standard is more or less, which is on direct appeal, that when the record makes clear that the defendant would have received the same sentence in any event during his criminal case, it doesn't need to pass on the armed career criminal act. Held that in Schrader. Held that in McDonald. I suppose a soft way to resolve the case would be to say, Miss Hester has raised the First Step Act. We demand a consideration of that because you're going to have it brought up anyway, one way or another. And then say in the order of remand that the district court will retain the discretion whether or not to revisit the ACCA sentence in light of its ruling in the First Step Act or something such as that. My chief aim here is not to gut the concurrent sentencing doctrine for what appears to be an easy, straightforward case because I know what's coming down the line. And I'm just wondering, at least that would be a way to sort of not jam it down the district court's throat and say, you've got to decide this one way or another or just say on remand, do the First Step Act. And then after that ruling, you retain the discretion whether or not to under the existing standards, whether or not to revisit the validity of the ACCA sentence, something like that, which would continue to give the district court discretion without saying, do it. I see my time's almost up. I'd welcome the opportunity to respond, Your Honor. Two things. One, I do think, as I mentioned before, it's an important point, but I do think the First Step Act in application to the defendant's first sentence or count one sentence is very clear. However, I do think it's clear that the First Step Act doesn't apply to the defendant here. However, I do think that if the court has any serious reservations about that conclusion, that the proposal Your Honor mentions is an appropriate one. Because the district court has discretion to say, I'm not going to apply the First Step Act even if it does apply. Yeah, I mean, you know, I mean, Ms. Hester does bring up that district court opinion in Washington and the rest, so it may not be a wholly frivolous argument. I just don't know. My bottom line is to retain discretion and not to dictate to the district court that they do something in a situation which may not make any difference. That would be looked upon as a sizable step on our part. Your Honor, I can tell the court we address armed career criminal act sentences in front of the district court daily and it is often challenging and if there's not a reason to do it, I suspect the district court would welcome the opportunity to. You can't be a prosecutor unless you're an expert on ACCA. I've noticed that, Your Honor. Or you have me around. If the court has no further questions. I do have one further question. Certainly, Your Honor. If we were to get into this thicket and we were to shape our rule, is it appropriate to presume that somebody is going to violate the law again in order to have an implication? In other words, under the current circumstances, if he stays law-abiding, there's no difference at all. He would have to violate another statute in order to have an implication. That's a factor for, I think, the district court to consider, but it doesn't state a bright-line rule. Is it a legitimate factor? Are we allowed to consider that? In other words, yes. Yes, Your Honor. It bothers me that we have to assume he's going to violate the law again to give him a benefit. He's claiming a benefit based on the fact he's going to violate the law again. And that's a good question that Judge Niemeyer raises. I don't see how something like that, it would seem to me inescapably to bear on the reasonableness of an exercise of discretion. Absolutely. That you can't say, well, that the district court is well within its discretion to take account that the future scenario would involve further law-breaking above and beyond what has already taken place. Further more serious law-breaking. It is. I share that concern. You have to assume that not only would he commit another crime, he'd commit a more serious crime. Yes, but I do think the Supreme Court decisions, including all that have been discussed. But all was a conviction, as you pointed out. And that's a distinction in this context, which is meaningful to my question. Because this is sentencing, whereas they are talking about one conviction versus another conviction. Yes, I think it's not an absolute. The fact that it involves possible criminal activity in the future doesn't mean that it's absolutely off the table, but it's certainly a consideration. Why would it not be highly pertinent? Absolutely. I think it is highly pertinent. I just resist the bright-line rule only because the Supreme Court has said the possibility that it might enhance a future sentence is a consideration. I don't think we would... It says future offense. Certainly. I absolutely think it's highly pertinent. It makes it very unlikely, especially in the context of someone like... Let's hear further from Ms. Hester. Your Honors, I think the fact... I think that Ball precludes the Court's consideration of the fact that he will have to commit some further wrongdoing in order for the collateral consequences to come into play. Even though that's a conviction and not a sentence, I think the only difference between the two is that some potential adverse collateral consequences will be different for sentencing than for a conviction. But other than that, there's no authority to say that the collateral... That the concurrent sentence doctrine applies differently. Yeah, but that's a little bit like in the double jeopardy analysis. You have to have two separate... I mean, the whole analysis focuses on the fact that there are two convictions, and I think you could carry that on into the Ball decision, which talked about convictions. But when you're talking about sentences and you're saying, he's got two sentences now that are concurrent, and does it make any difference that there may be an error or not on one when he's got the other sentence? And the answer is, there clearly is no difference unless you assume he's going to violate the law again in order to get another sentence. That's true, but again, the same thing in Ball. The recidivist sentence, you have to assume that he's going to violate again in order to get a recidivist sentence. It's a similar analysis. I think it is worthy of note that your request for relief is predicated on the assumption that the defendant, on whose behalf you are arguing, would have to seriously reoffend. I think it's analytically relevant. We're not talking about a future misdemeanor in order for the ACCA conviction to have some effect. The whole scenario depends on a very, as Judge Duncan points out, on a very serious legal violation. Judge Niemeyer's question goes to a difference in kind, which I think is entirely valid. And Judge Duncan's question, it seems to me, addresses a question of degree. And both are valid, it seems to me, as bearing on the exercise of discretion. You wouldn't have an absolute rule that any legal violation is sufficient to avoid considering something under the concurrent sentencing doctrine. But on the other hand, if you have a situation where in order for the ACCA violation to make a difference, you had to have a serious legal violation. That is the question of degree figures in. Another layer on top of Judge Wilkinson's question is if it is serious, then the court has to decide to stack supervised release. And under the presence, under your circumstance, they could stack it for five years plus two to get seven. But you're saying the hypothetical under the current thing, he could stack it for five years plus five years. So you'd have to have a scenario where not only was the crime serious, but the court was insistent on stacking supervised releases. And that stacking seven years was not enough, he'd have to stack ten years. You're in that very, very rare zone where you want the final three years of stacking on a supervised release. That's true, Your Honor, but it is possible. And I would like to point out one thing. It's theoretically possible. It may not even be worldly possible. I mean, it's got so many hoops. If you started drawing a Boolean algebra chart, I mean, you would have one little strand up here as a possibility. And then you add on to that, that the person is going to receive a sentence, whether it's state court or federal court, for the offense that he has committed. This would be just a revocation possibility. Well, I have to dispute with the court about that he would definitely get a sentence under state or federal court. We see circumstances. Well, it has to be a serious violation, doesn't it? Correct, but we see situations in our office where the government cannot prove beyond a reasonable doubt the new law violation, or cannot prove beyond a reasonable doubt the charges in criminal court, and they bring a supervised release violation and obtain punishment for the defendant that way, because the burden of proof is lower. I understand that. Let me ask you this, Ms. Hester. You wouldn't be precluded from attacking the, let's just assume that this highly, in Judge Niemeyer's words, highly theoretical possibility actually comes into play. Would you be in any sense precluded from attacking the ACCA sentence when the matter became right, and it actually made a difference how that was resolved? I don't think there's any precedent for that, Your Honor. Of course we would try, but I don't think that there's any precedent guaranteeing that we would be able to do that. We'd probably come back at you on a one-year limitations issue, too, right? I don't even know, Your Honor. Can I just make one final point? There is an easy way to resolve this case. The government all but concedes that the ACCA sentence is invalid under Johnson, and that puts this case directly into Hill, which says that the concurrent sentence doctrine doesn't apply when you have a valid conviction. It only applies when you have a valid conviction and one that has not been reviewed. But here you have a potentially valid drug conviction, and then you have an ACCA sentence that the government all but concedes is invalid, and that takes this outside the realm of the concurrent sentence doctrine. It makes sense to vacate the ACCA sentence under that circumstance. Thank you.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Allyson K. Duncan